102 F.3d 1385
 1997 A.M.C. 1276
 INGALLS SHIPBUILDING, INC., and American Mutual Liability
Insurance Company in Liquidation By and Through
Mississippi Insurance Guaranty
Association, Petitioners,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, and Wilbur Boone, et
al., Respondents.
 Nos. 94-40778, 94-40830 to 94-40841, 94-40853 to 94-40864,
94-40921 to 94-40929, 94-40961 to 94-40970,
94-40980 to 94-41000 and 94-41058 to 94-41067.
 United States Court of Appeals,
Fifth Circuit.
 Dec. 19, 1996.
 
 Richard Salloum, Paul M. Franke, Jr., Donald P. Moore, Franke, Rainey & Salloum, Gulfport, MS, for Ingalls Shipbuilding, Inc. and American Mut. Liability Ins. Co. in No. 94-40778.
 Paul M. Franke, Jr., Donald P. Moore, Franke, Rainey & Salloum, Gulfport, MS, for Ingalls Shipbuilding, Inc. and American Mut. Liability Ins. Co. in Nos. 94-40830, 94-40961, 94-40963, 94-40964, 94-40981, 94-40984 to 94-40986 and 94-41067.
 Paul M. Franke, Jr., Donald P. Moore, Franke, Rainey & Salloum, Gulfport, MS, for Ingalls Shipbuilding, Inc. in No. 94-40858.
 Richard P. Salloum, Paul M. Franke, Jr., Franke, Rainey & Salloum, Gulfport, MS, for Ingalls Shipbuilding, Inc. in No. 94-40965.
 Richard P. Salloum, Paul M. Franke, Jr., Franke, Rainey & Salloum, Gulfport, MS, William J. Powers, Jr., V.P. & Gen. Counsel, George M. Simmerman, Jr., Staff Atty., Ingalls Shipbuilding, Pascagoula, MS, for Ingalls Shipbuilding, Inc. in Nos. 94-40831 to 94-40841, 94-40853 to 94-40857, 94-40859 to 94-40864, 94-40921 to 94-40929, 94-40962, 94-40966 to 94-40970, 94-40980, 94-40982, 94-40983, 94-40989, 94-40990, 94-40992 to 94-41000 and 94-41058 to 94-41066.
 LuAnn Kressley, Carol DeDeo, Assoc. Solicitor, U.S. Dept. of Labor, Washington, DC, for Director, Office of Workers' Compensation Programs.
 Rebecca J. Ainsworth, Robin Reid Boswell, John F. Dillon, Maples & Lomas, Pascagoula, MS, for William Boone in No. 94-40778, Michael J. Loftin, Sr. in No. 94-40837, Joseph L. Williams, Sr. in No. 94-40841, Charles C. Warren in No. 94-40964, Beverly Coxey in No. 94-40965, James L. Cuevas in No. 94-40970.
 Rebecca J. Ainsworth, Robin Reid Boswell, Maples & Lomas, Pascagoula, MS, for Hardy McLendon in No. 94-40836, Clarence E. Washington in No. 94-40839.
 Harris Bell Williams, Barton & Williams, Pascagoula, MS, for Johnnie C. Rhymes in No. 94-40830, Alvin H. Nelson in No. 94-40831, Carl P. McMinn in No. 94-40832, Sidney L. Walker in No. 94-40833, Jimmy E. Miller in No. 94-40834, Francis Green in No. 94-40835, Sherman R. Brewer in No. 94-40838, Thomas J. McNeal, Sr. in No. 94-40840, Leslie Starling, Jr. in No. 94-40853, James D. Theisen in No. 94-40854, Lawrence B. Wilson in No. 94-40855, Franklin T. McWilliams in No. 94-40856, Sonny B. Haralson in No. 94-40857, Eddie J. Betts in No. 94-40858, Robert C. Hayes in No. 94-40859, John D. Scoggins in No. 94-40860, Edward Pridgen in No. 94-40861, Sherman S. Hammon in No. 94-40862, George W. Stringfellow in No. 94-40863, H.G. Sanderson in No. 94-40864, Charles R. Butler in No. 94-40921, Jessie L. Martin in No. 94-40922, Frank J. Byrd in No. 94-40923, Freddie E. Goss in No. 94-40924, Lonnie Hopkins in No. 94-40925, Orval G. Davis in No. 94-40926, James R. Woullard in No. 94-40927, Howard O. Kristofferson in No. 94-40928, Phyllis M. Bryant in No. 94-40929, Leroy Q. Johnson in No. 94-40961, James H. Fagan in No. 94-40962, Hollis Daniels in No. 94-40963, Sammie B. Grice in No. 94-40966, Joseph D. Smith in No. 94-40967, Alfred O. Walters in No. 94-40968, Hannis Raines in No. 94-40969, Leeman T. Stokley in No. 94-40980, Lee Roy McVeigh in No. 94-40981, John M. Stewart in No. 94-40982, Alvin W. Lee in No. 94-40984, Charles A. Robbins in No. 94-40990, William M. Johnson in No. 94-40992, Arzo C. Pittman, Jr., in No. 94-40993, M.W. Henze in No. 94-40994, John L. Lett, Sr. in No. 94-40995, George K. Galloway in No. 94-40996, Ethel L. Jones in No. 94-40997, Jessie J. Richardson in No. 94-40998, Charles B. Bynum in No. 94-40999, Lee O. Tallent in No. 94-41000, Raymond H. Smith in No. 94-41058, Patricia A. Miller in No. 94-41059, Jimmy C. Meeler in No. 94-41060, Gulf Martin, Sr. in No. 94-41061, Yvonne Jones in No. 94-41062, Betty D. Davidson in No. 94-41068, Gregory V. Stringfellow in No. 94-41064, William P. Warren in No. 94-41065, Willis L. Carter in No. 94-41066, Bruce M. Connely in No. 94-41067.
 Hayden Dent, Scruggs, Millette, Lawson, Bozeman & Dent, Pascagoula, MS, for Frank B. Booker in No. 94-40983.
 Hayden Dent, Richard F. Scruggs, Scruggs, Millette, Lawson, Bozeman & Dent, Pascagoula, MS, for Clyde G. Johnson in No. 94-40985, Cecil Bennett in No. 94-40986.
 Lester F. Smith, Perry, Morrison & Smith, Jackson, MS, James R. Hartzog, Jackson, MS, for Willie Roy Matthews in No. 94-40989.
 Paul T. Trayers, Clerk, BRB, Washington, DC, for Other Interested Parties.
 William J. Powers, Jr., V.P. & Gen. Cnsl., Moss Point, MS, George M. Simmerman, Jr., Staff Atty., Pascagoula, MS, for Other Interested Parties in No. 94-40965.
 Petitions for Review of an Order of the Benefits Review Board.
 Before REAVLEY, JOLLY and WIENER, Circuit Judges.
 E. GRADY JOLLY, Circuit Judge:
 
 
 1
 The petitions for rehearing are granted. The opinion reported at 81 F.3d 561 (5th Cir.1996) is withdrawn, and the opinion below is substituted in all respects for the withdrawn opinion.
 
 
 2
 This petition for review of the decision of the Benefits Review Board (the "Board") presents the question whether the Board erred in determining that the District Director of the Office of Workers' Compensation Programs (the "District Director") committed only harmless error by allowing the withdrawal of Wilbur Boone's claim for compensation[1] without prejudice after Ingalls Shipbuilding ("Ingalls") requested that the claim be transferred to the Office of the Administrative Law Judges ("OALJ") for a hearing. Having considered the briefs and arguments presented to this court and reviewed carefully the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. §§ 901 et seq., and its implementing regulations, we conclude, for the reasons below, that the decision of the Board must be reversed.
 
 
 3
 * In 1987, Wilbur Boone filed a claim against Ingalls for workers' compensation benefits alleging that a diagnosis of pulmonary disease was related to his exposure to asbestos during his employment. After filing this claim, Boone entered into third-party settlements with asbestos manufacturers and distributors. Although Boone gave notice to Ingalls of these settlements, he failed to obtain its consent as required by the LHWCA. 33 U.S.C. § 933(c).
 
 
 4
 In November 1990, Ingalls filed a pre-hearing statement with the District Director, requesting that the District Director refer Boone's claim to the OALJ for an administrative hearing. See 33 U.S.C. § 919(c); 20 C.F.R. 702.316. Ingalls then filed a motion for summary judgment with the OALJ asserting that, under section 933(g) of the LHWCA, Boone's third-party settlements without its approval as his employer barred his recovery under the Act. See 33 U.S.C. § 933(g).
 
 
 5
 The District Director, however, never transferred the claim to the OALJ as required by the statute and regulations. See 33 U.S.C. § 919(c), (d); 20 C.F.R. 702.316. In February 1993, some two years after Ingalls formally requested a hearing before an administrative law judge ("ALJ"), Boone filed a motion to withdraw his claim with the District Director. In March 1993, the District Director approved the withdrawal as being for a proper purpose and in Boone's best interest, as she found that he did not have a disability or permanent impairment and had not suffered a diminution of his wage-earning capacity. The withdrawal was without prejudice but subject to the time limitations contained in the LHWCA. See 20 C.F.R. 702.225(c).
 
 
 6
 Ingalls appealed the decision of the District Director to the Board claiming that the allowance of the withdrawal amounted to an abuse of discretion. The Board dismissed the appeal, concluding that there was no controversy ripe for adjudication because the "employer will not be adversely affected or aggrieved unless or until a new claim is filed." Boone v. Ingalls Shipbuilding, Inc., 27 BRBS 250, 251 (1993). Ingalls filed a motion for reconsideration on the merits, and the Board granted the motion for reconsideration but continued to deny the requested relief of vacating the withdrawal order. Boone v. Ingalls Shipbuilding, Inc., 28 BRBS 119 (1994) (en banc ).
 
 
 7
 Upon reconsideration en banc, the Board concluded that the District Director had failed to perform her mandatory duty by not transferring Boone's case to the OALJ upon request. The Board further held, however, that this failure was harmless because the withdrawal abrogated Boone's compensation claim against Ingalls; thus, Ingalls faced no "direct or immediate hardship" as a result of the withdrawal. The Board therefore concluded that Ingalls lacked standing to appeal under the LHWCA and its regulations because Ingalls failed to show that it had been "adversely affected or aggrieved" by the action of the District Director. See 20 C.F.R. 802.201. Ingalls now appeals the Board's decision.[2]
 
 II
 
 8
 Ingalls challenges the Board's holdings as to standing,[3] ripeness,[4] and the harmlessness of the District Director's actions. Each of these holdings rest, in the Board's view, on a single missing element--that Ingalls suffers no present harm as a result of Boone's withdrawal of his claim without prejudice. Ingalls will not be injured, the Board held, unless and until Boone refiles his claim.
 
 
 9
 Ingalls argues that it indeed has been presently injured by the District Director's approval of Boone's request to withdraw his claim without prejudice. The District Director, Ingalls argues, has denied it an important procedural right, conferred by the terms of the LHWCA, to have Boone's case transferred to and decided by the OALJ. Moreover, Ingalls contends that the approval of the withdrawal deprives it of its "day in court" and its absolute right to have its potential liability, and any associated motions, determined by an ALJ.[5]
 
 III
 
 10
 The LHWCA states that "upon application of any interested party[, the District Director] shall order a hearing" before an ALJ on any claim filed under the Act. 33 U.S.C. § 919(c) (emphasis added), (d); see also 20 C.F.R. § 702.316. We note in particular that the statute clearly defines the time that the right to a hearing before an ALJ accrues, i.e., "upon application." Furthermore, once the application has been made, the obligation of the District Director to transfer the claim to the OALJ is, as we stated in Ingalls Shipbuilding, Inc. v. Asbestos Health Claimants, "clear, ministerial and nondiscretionary." 17 F.3d 130, 134 (5th Cir.1994).[6] To be sure, the Board specifically noted that under our opinion in Ingalls Shipbuilding, Inc. v. Asbestos Health Claimants "the district director [clearly] failed to perform her mandatory duty by not transferring the case to the OALJ upon request." 28 BRBS 119 (1994) (en banc ) (emphasis added). The Board, however, erroneously determined that the failure of the District Director to carry out this mandatory duty amounted only to harmless error because Ingalls suffered no present injury from this failure to act.
 
 
 11
 The LHWCA clearly grants parties the right to a hearing before an ALJ upon their request to the district director. 33 U.S.C. § 919(c), (d). It is also true that a claimant has the right, under the Act's implementing regulations, to withdraw his claim prior to adjudication of the claim if it is determined that the withdrawal of the claim is "for a proper purpose and in the claimant's best interest." 20 C.F.R. § 702.225. It is necessary, however, in order to preserve each of these rights for the district director to act promptly upon a request for a hearing before an ALJ. Indeed, as we have noted above, the statute makes it clear that the purely ministerial duty of the district director to transfer the case to the OALJ arises at the moment that a party requests a hearing; thus, it would appear that at that point the district director loses any further authority to act on the matter. In any event, to allow the withdrawal of a claim in a situation such as the one before us denies the party requesting the hearing its procedural rights under the LHWCA. Furthermore, transferring the claim to the OALJ does not deny the procedural right of the claimant to withdraw the claim, because the ALJ is authorized to consider motions to withdraw following the transfer. See Graham v. Director, OWCP, 9 BRBS 155, 158 (1978) (holding that ALJ has authority to consider motions for withdrawal even though regulation only refers to district directors).
 
 
 12
 In short, upon Ingalls's request for a hearing, the District Director was obligated by the LHWCA to transfer Boone's claim to the OALJ, and the failure to transfer the claim denied Ingalls a procedural right to which it was entitled.
 
 IV
 
 13
 We now must decide whether the denial of that right constituted an injury that provides Ingalls standing to appeal to this court. To determine injury for the purpose of the case before us today, we turn to section 921(c) which states that "[a]ny person adversely affected or aggrieved by a final order of the Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred." 33 U.S.C. § 921(c).
 
 
 14
 It is now indisputable that the District Director violated the LHWCA when she failed to transfer Boone's claim to the OALJ. By refusing to transfer the case and by granting Boone's later filed motion for withdrawal, the District Director undermined the process that the LHWCA dictates for claim resolution. Instead of having Boone's claim against it, including all motions pertaining to that claim, heard in an adjudicative forum and decided by an OALJ, Ingalls was denied its procedural rights when the motion for withdrawal was considered by the District Director, an administrative officer. In short, procedure is the essential safeguard that protects substantive rights, and here, in specific and actual terms, the District Director injured Ingalls when she denied them that protection. Moreover, this injury can be redressed by vacating the withdrawal approved by the District Director and allowing the OALJ to act on the motion in accordance with the adjudicative procedures that govern its proceedings.
 
 
 15
 In the light of this injury, the Board erred in finding that the District Director's omission was harmless.[7] We therefore conclude, for the reasons we have stated, that Ingalls is "adversely affected or aggrieved" by the order and thus has standing under section 921(c) to seek review of the Board's decision in this court.[8]
 
 V
 
 16
 In sum, we deny Ingalls's motion to strike the brief of the Director, we deny Boone's motion to dismiss Ingalls's appeal, and we REVERSE the order of the Board. We REMAND for further proceedings not inconsistent with this opinion.
 
 
 17
 REVERSED and REMANDED.
 
 
 
 [1]
 This appeal actually involves seventy-five claims that have been consolidated on appeal. Because Boone's claim is the lead case in these appeals, all references herein are to Boone as the claimant and to the sequence of events with respect to him
 
 
 [2]
 Two motions are carried with this case on appeal. The first is Boone's motion to dismiss Ingalls's appeal or, alternatively, to affirm summarily the Board's decision. In the light of our opinion in this appeal, this motion is denied as moot
 Ingalls's motion to strike the brief of the Director of the Office of Workers' Compensation Programs (the "Director") is also carried with the case. Ingalls argues that the Director's brief should be struck because the Director is not "affected or aggrieved" by the issues in this case and thus has no standing under LHWCA section 921(c) to participate in the appeal. We disagree. In Ingalls Shipbuilding Div., Litton Systems, Inc. v. White, we rejected the argument that the Director must demonstrate an injury to justify his standing to appeal under section 921(c). 681 F.2d 275, 282 (5th Cir.1982), overruled on other grounds by Newpark Shipbuilding & Repair, Inc. v. Roundtree, 723 F.2d 399, 406-07 (5th Cir.1984) (en banc ). Instead, we held that under Federal Rule of Appellate Procedure 15(a), together with the LHWCA and regulations thereunder, the Director is the agency-respondent and therefore entitled to respond in this court. Id. at 284. Consequently, we deny Ingalls's motion to strike the Director's brief.
 
 
 [3]
 Section 921(c) provides that any "person adversely affected or aggrieved by a final order of the Board may obtain a review of that order." 33 U.S.C. § 921(c). This same standard applies to standing in the context of an appeal from the decision of a district director to the Board. 20 C.F.R. § 802.201. Although the statute refers to standing to appeal from the Board to the federal courts, in this opinion we focus on the injury inflicted by the failure of the District Director to transfer the proceedings to the OALJ. We do this for the convenience of reference because whether Ingalls is aggrieved by the Board's decision depends solely upon whether there was an underlying injury, caused by the District Director, that the Board failed to recognize
 
 
 [4]
 Determining ripeness for review has been described as a two-step analysis, requiring that an issue be fit for review and that the parties face a "direct and immediate hardship [which] would entail more than possible financial loss" if review is withheld. Chavez v. Director, OWCP, 961 F.2d 1409, 1414-15 (9th Cir.1992)
 
 
 [5]
 Ingalls also attacks the withdrawal decision on other bases, including LHWCA section 933(g), governing employer defenses; and Federal Rule of Civil Procedure 41(a)(2). Because we find that section 919(c) and its applicable regulation, section 702.225, govern the District Director's duties and therefore are dispositive, we need not reach the merits of Ingalls's other arguments
 
 
 [6]
 Ingalls Shipbuilding, Inc. v. Asbestos Health Claimants, 17 F.3d 130 (5th Cir.1994), affirmed the district court's issuance of a writ of mandamus ordering the District Director to transfer over 3000 claims to the OALJ. Although the appeal now before us involves claims not encompassed by the mandamus order, the reasoning that supported the issuance of the writ of mandamus closely approximates the analysis that we utilize in this appeal
 
 
 [7]
 Although we are "limited [in reviewing Board orders] to considering errors of law and making certain that the Board adhered to its statutory standard of review of factual determination," we conclude that the Board has made an error of law in finding that the District Director's action here is harmless. Boland Marine & Mfg. Co. v. Rihner, 41 F.3d 997, 1002 (5th Cir.1995)
 
 
 [8]
 Because we conclude that the District Director's violation of Ingalls's procedural right to have the claim decided by an ALJ constitutes an injury that provides standing, it is unnecessary for us to consider, in this appeal, whether allowing Boone to withdraw his claim is an issue ripe for adjudication. That question, however, may be relevant in later proceedings